**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN MAHONEY; KATE MAHONEY, parents of B.M., a minor, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CARLSBAD UNIFIED SCHOOL DISTRICT, a local educational agency, <br><br> Defendant - Appellee. | No. 09-55726 <br><br> D.C. No. 3:08-cv-01860-H-NLS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted April 12, 2011
Pasadena, California

Before: BYBEE and M. SMITH, Circuit Judges, and DAWSON, District Judge.[**]

John and Kate Mahoney (collectively, "the Mahoneys"), parents of B.M., a

student with speech and language impairment, appeal the district court's summary

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Kent J. Dawson, United States District Judge for the District of Nevada, sitting by designation.

judgment in their action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, against Carlsbad Unified School District ("District"). The Mahoneys allege the District committed several procedural violations of the IDEA that denied B.M. a free appropriate public education ("FAPE"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.

The Mahoneys first contend the District denied B.M. a FAPE by failing to include his current special education teacher, Ms. Padgett, at the January 24 and February 20, 2008, individual education program ("IEP") team meetings. Under the IDEA, an IEP team must include "not less than 1 special education teacher, or where appropriate, not less than 1 special education provider of such child." 20 U.S.C. § 1414(d)(1)(B)(iii); *see also* 34 C.F.R. § 300.321(a)(3). We have recently interpreted this provision "*not* to require the participation of the child's current special education teacher." *R.B. ex rel. F.B. v. Napa Valley Unified Sch. Dist.*, 496 F.3d 932, 940 (9th Cir. 2007) (emphasis added). Accordingly, Ms. Padgett's exclusion from the IEP team was not a procedural violation *per se*. *See id.*

Under *Napa Valley*, an IEP team meeting is procedurally valid as long as it includes not less than one special education teacher or provider "who has actually taught the student." *Id.* Here, this requirement was satisfied by including Ms.

Schmitz at the meetings. It is undisputed that Ms. Schmitz provided small-group speech and language services to B.M. in 2005, which related to B.M.'s disability at the time of "speech or language impairment." Ms. Schmitz also conducted a recent assessment of B.M. in 2007. Ms. Schmitz's presence at both IEP team meetings thus satisfied the "actually taught" requirement set forth in *Napa Valley*.

We reject the Mahoneys' argument that the special education teacher or provider must have provided services to the child in the area of the child's *current* disability. This contention finds no support in the plain language of the statute, which only requires "not less than one" special education teacher or provider of the child. *See* 20 U.S.C. § 1414(d)(1)(B)(iii); 34 C.F.R. § 300.321(a)(3). Moreover, this argument is undermined by our decision in *Napa Valley* as well as the comments to the 2006 Federal Regulations. *See Napa Valley*, 496 F.3d at 940 (the IDEA does not require the participation of the student's *current* teacher); Assistance to States for the Education of Children With Disabilities and Preschool Grants for Children With Disabilities, 71 Fed. Reg. 46540, 46669-46670 (Aug. 14, 2006) ("Decisions as to which particular teacher(s) or special education provider(s) are members of the IEP Team . . . are best left to State and local officials to determine, based on the needs of the child."). In any event, until the January 24, 2008, IEP team meeting, B.M. qualified for special education services under the

category of "speech or language impairment."  Because Ms. Schmitz's expertise is in this area and she specifically provided B.M. with services in this area in 2005, she meets any requirement that she must have provided services to B.M. in the area of B.M.'s disability.[1]  The District, therefore, assembled a statutorily-compliant IEP team.

## II.

The Mahoneys next argue the District committed a procedural violation when it gave them insufficient notice as to who would be in attendance at the IEP team meetings and when it included additional participants at those meetings despite Ms. Mahoney's objections.  The District, however, properly included the teachers from the Calavera Elementary School, who assessed B.M. in late 2007, and the teachers from the Hope Elementary School, who would be implementing any proposed IEP, at the IEP team meetings.  *See* 20 U.S.C. § 1414(d)(1)(B)(iv), (vi); 34 C.F.R. § 300.321(a)(4), (6); *see also* 34 C.F.R. § 300.321(c).  Any failure

---

[1] We are also not persuaded by the Mahoneys' suggestion that a special education provider like Ms. Schmitz, who previously provided the child with services under the category of "speech or language impairment," somehow becomes disqualified when the child's disability is reclassified at the IEP team meeting to "specific learning disability."  *See* 20 U.S.C. § 1401(30)(A) ("The term 'specific learning disability' means a disorder in 1 or more of the basic psychological processes involved in understanding or in using language, spoken or written, which disorder may manifest itself in the imperfect ability to listen, think, speak, read, write, spell, or do mathematical calculations.").

to notify the Mahoneys as to the specific number of individuals who would be present was harmless because the Mahoneys failed to show that it resulted in a loss of educational opportunity or seriously infringed their opportunity to participate in the IEP formulation process. *See Amanda J. ex rel. Annette J. v. Clark Cnty. Sch. Dist.*, 267 F.3d 877, 892 (9th Cir. 2001); *see also* 20 U.S.C. § 1415(f)(3)(E)(ii).

## III.

Finally, the Mahoneys argue the District committed a procedural violation when its representatives met informally between the IEP team meetings without inviting Ms. Mahoney, and when they failed to supply Ms. Mahoney with the initial draft of the goals and objectives at the February 20, 2008, IEP team meeting. There was no requirement for the District to include Ms. Mahoney in the informal meetings between the District representatives. *See* 34 C.F.R. § 300.501(b)(3); *see also* 71 Fed. Reg. at 46678. The Mahoneys also failed to show how any failure to provide Ms. Mahoney with the initial draft of the goals and objectives resulted in a loss of educational opportunity or seriously infringed her opportunity to participate at the February 28, 2008, meeting. The Administrative Law Judge found that Ms. Mahoney had no problem contributing to the discussion and modification of the goals and objectives during the meeting. The record supports this conclusion. Any procedural violation was therefore harmless. *See Amanda J.*, 267 F.3d at 892.

**AFFIRMED.**